IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JAMES JOHN BLEAU, | ) | |
|---|---|---|
| | ) | Case No. CV 05-042-S-MHW |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| TOM BEAUCLAIR, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On August 14, 2007, the Court entered final judgment in this habeas corpus matter and dismissed the case with prejudice. (Docket Nos. 75, 76.) Petitioner has now filed a Notice of Appeal and a Motion for Issuance of Certificate of Appealability. (Docket Nos. 77, 80.) For the reasons set forth more fully herein, the Motion shall be denied.

**STANDARD OF LAW**

A habeas petitioner cannot appeal from the denial or dismissal of a habeas petition unless he has first obtained a certificate of appealability ("COA"). 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To satisfy the COA standard when a court has dismissed a petition on procedural grounds, as here, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition

**ORDER - 1**

states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail. *Miller-El*, 537 U.S. at 336.

## DISCUSSION

The Court dismissed this case after concluding that Petitioner had failed to file his habeas petition within the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). The Court found, in relevant part, that Petitioner had received the correct AEDPA information no later than August 2003 and that the limitations period expired long before his federal petition was filed in 2005. The Court also concluded that Petitioner was not entitled to statutory tolling while his "Motion for Correction of Illegal Sentence," filed in April 2003, was pending in state court. Petitioner now claims that this latter determination is at least reasonably debatable.

Under 28 U.S.C. § 2244(d)(2), a state prisoner is entitled to tolling of the limitations period for all of the time "during which a properly filed application for State post-conviction relief or other collateral review . . . is pending." An "application is 'properly filed' when its delivery and acceptance are in compliance with applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005), however, the United States Supreme Court concluded that a state post-conviction action that was dismissed as untimely was never

**ORDER - 2**

"properly filed." Specifically, the Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). The Court recently reaffirmed this aspect of *Pace* in *Allen v. Siebert*, 2007 WL 3238767 (November 5, 2007).

Here, Petitioner contends that "even though [he] lost on the merits of his claim that his sentence was illegal, it does not follow that his motion to correct an illegal sentence was untimely." (Docket No. 79, p. 4.) The Court is not persuaded that this argument raises debatable points worthy of appellate review. Under Idaho law, an illegal sentence "is one in excess of a statutory provision or otherwise contrary to applicable law." *See, e.g., State v. Alsanea*, 69 P.3d 153, 165 (Idaho Ct. App. 2003). The Idaho Court of Appeals did not conclude that Petitioner had raised a colorable yet ultimately meritless argument that his sentence was "in excess of the statutory maximum or otherwise contrary to law." Instead, the Court of Appeals determined that the *type* of claims that Petitioner put forth in his Motion simply did not implicate the lawfulness of his sentence, only the manner in which it was imposed, and the Motion was therefore untimely at its inception. It is the substance of a pleading, not its label, that controls.

Under *Pace*, timeliness is a "condition to filing," and a finding of untimeliness, as here, is "the end of the matter" for purposes of statutory tolling. Accordingly, the Court is not convinced that its decision would be reasonably debatable, and Petitioner's request for a certificate of appealability shall be denied.

**ORDER**

**ORDER - 3**

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Certificate of Appealability (Docket No. 80) is DENIED. Petitioner may still seek to a certificate in accordance with Ninth Circuit Rule 22-1.

IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of the Court's Memorandum Decision and Order (Docket No. 75), Judgment (Docket No. 76), Petitioner's Motion for Certificate of Appealability (Docket No. 78), together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov. If requested by the Ninth Circuit, the Clerk of Court shall forward a copy of the district court's file to the appellate court for its review.



DATED: **November 15, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge